IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN FARABEE, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:18cv00425 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DR. JAMES A. LEE, et al., | ) | By: Michael F. Urbanski |
|     Defendants. | ) | Chief United States District Judge |

    Brian Farabee, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983, against defendants associated with the Virginia Department of Corrections ("VDOC") and the Marion Correctional Treatment Center ("Marion"), a VDOC facility.[1] This matter is before the court on defendants' motions to dismiss (ECF Nos. 53 and 55) and for summary judgment (ECF No. 69), which were referred to a United States magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (see ECF No. 29). The Magistrate Judge filed a report, recommending that defendants' motions be granted. See ECF No. 86. Farabee filed objections to the report. See ECF No. 89. After reviewing the record, the court overrules some objections and sustains other objections, adopts the report and recommendation in part, and grants in part and denies in part defendants' motions.

I.

    A district court must review de novo any part of a report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The district court's reasoning does not need to be elaborate or lengthy, but it must provide a specific rationale that permits meaningful appellate review. See, e.g., United States v. Carter,

---

[1] Marion is the VDOC's psychiatric facility for treating adult male inmates who experience mental health issues.

564 F.3d 325, 330 (4th Cir. 2009). A party must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Fourth Circuit explained that:

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

De novo review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano, 687 F.2d at 47. An objection that repeats arguments raised before a magistrate judge is deemed a general objection to the entire the report and recommendation, which is the same as a failure to object. Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008). A district court is also not required to de novo review an issue to which no party properly objects. See, e.g., Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

A district court reviews for clear error any part of a report and recommendation not properly objected to. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Clear error means that a court, after "reviewing . . . the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see FTC v. Ross, 743 F.3d 886, 894 (4th Cir. 2014) (noting

a factual finding based on the resolution of conflicting evidence is entitled to deference under the clear error standard).

## II.

In his verified complaint, Farabee alleges that he was diagnosed with serious mental illness in his early childhood and has been hospitalized for the serious mental illness periodically since then. Farabee states that although he is "articulate, [he] struggles with [serious mental illness]." In 1999, after being criminally charged, Farabee was found not guilty by reason of insanity and was civilly committed to the care of the Virginia Department of Behavioral Health. In 2000, while involuntarily committed, Farabee was found guilty of committing two crimes and was committed to the VDOC. While incarcerated, Farabee was found guilty of committing another crime in 2004, and of violating the terms of his probation in 2015. Farabee is currently incarcerated in the VDOC based on his most recent conviction. The facts underlying this action occurred while Farabee was incarcerated at Marion and are set forth, in full, in the Magistrate Judge's report and recommendation. See ECF No. 86.

In summary, Farabee alleges that the defendants forcibly medicated him with antipsychotic medication on multiple occasions, without justification and despite knowing that he was allergic to the medications; defendants used excessive force in forcibly medicating him; defendants denied him adequate mental health treatment by denying him Dialectical Behavior Therapy ("DBT"); defendants subjected him to cruel and unusual living conditions; and defendants denied him a diet consistent with his religious beliefs.

The Magistrate Judge determined that Farabee failed to allege facts against defendant Hall-Lester, that no genuine disputes of material fact concerning any of Farabee's claims exist, and that

all of the defendants are entitled to summary judgment. Specifically, the Magistrate Judge determined that defendants forcibly medicated Farabee in response to emergencies and, thus, exercised professional judgment and satisfied Farabee's right to due process; defendants did not forcibly medicate him "maliciously or sadistically for the purpose of causing harm" and, thus, did not use excessive force in doing so; there was no evidence that defendants were subjectively aware of Farabee's alleged allergy to antipsychotic medications and, thus, they were not deliberately indifferent to a serious medical need; Farabee's allegation of inadequate mental health treatment was merely a doctor and patient disagreement over course of treatment; Farabee's conditions of confinement did not rise to the level of a deprivation of a basic human need and/or the defendants were not deliberately indifferent to the prison conditions; and Farabee failed to show that defendants were personally involved in denying him a common fare diet consistent with his religious beliefs.

### III.

In his objections, Farabee argues that the court "should reject and overrule" the report because:

A. The Magistrate Judge erred in finding that Farabee failed to allege facts against defendant Hall-Lester because Farabee "clearly lists" her as a defendant on his amended complaint, and the Magistrate Judge should not have construed Hall-Lester's motion to dismiss as a motion for summary judgment because Hall-Lester provided no evidence in support of her motion;

B. The Magistrate Judge incorrectly resolved the due process claims concerning forcibly medicating Farabee because there are genuine disputes about whether an emergency existed and whether defendants used professional judgment in forcibly administering the medication;

C. The Magistrate Judge erred in determining that defendants were not deliberately indifferent to Farabee's allergies to antipsychotic medication because he did demonstrate that they had the requisite subjective knowledge of the alleged allergy;

D. The Magistrate Judge erred in finding that Farabee did not allege sufficient facts or provide evidence to state a claim of cruel and unusual living conditions concerning his housing placements;

E. The Magistrate Judge erred in finding that DBT was merely a "desirable treatment" and that his failure to receive it was nothing more than a disagreement between a patient and treatment provider;

F. The Magistrate Judge failed to apply <u>Vitek</u> in considering Farabee's claim about his housing placement in the Intensive Secure Diversionary Treatment Program ("IDTP")[2];

G. The Magistrate Judge erred in finding that Farabee did not show the defendants' direct involvement with the common fare diet claim; and

H. The Magistrate Judge failed to address Farabee's retaliation claim against Dr. J. Lee.

Having reviewed the report and recommendation, Farabee's objections, and pertinent portions of the record <u>de novo</u>, the court will adopt the report and recommendation in part. To the extent Farabee raises other objections that consist of legal assertions and general objections which do not specifically identify an error in the report and recommendation, the court will not consider them. <u>See, e.g.</u>, <u>Orpiano</u>, 687 F.2d at 47; <u>Farmer v. McBride</u>, 177 F. App'x 327, 331 (4th Cir. 2006) (noting a district court does not need to review general and conclusory objections that do not direct the court to a specific error). The court is satisfied that there is no "clear error" in the portions of the report and recommendation to which Farabee does not object with sufficient specificity.

---

[2] In 2018, the VDOC established the Secure Diversionary Treatment Program ("SDTP") in order to provide treatment for inmates with serious mental illness and to prevent them from being housed in restricted housing for extended periods of time. SDTP is made up of three treatment programs, one of which is the IDTP at Marion. After an inmate is referred to SDTP, the Multi-Institutional Treatment Team is the final decision maker as to whether the inmate is appropriate for the SDTP and to which facility and program the inmate will be assigned. IDTP is considered a general population housing assignment and offers outpatient, voluntary mental health services for inmates.

## A.

With regard to Farabee's objections that the Magistrate Judge erred in finding that Farabee failed to allege facts against defendant Hall-Lester and the Magistrate Judge should not have construed Hall-Lester's motion to dismiss as a motion for summary judgment, the court overrules the objections. In support of his objections, Farabee argues that he "clearly list[ed]" Hall-Lester as a defendant on his amended complaint and her motion to dismiss should not have been treated as a motion for summary judgment because Hall-Lester provided no evidence in support of her motion. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Although Farabee names defendant Hall-Lester as a defendant in his amended complaint, he does not allege any facts against, or conduct committed by, Hall-Lester. Therefore, the court agrees with the Magistrate Judge's determination that Farabee has failed to state a claim against Hall-Lester. See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting a plaintiff's basis for relief "requires more than labels and conclusions . . . ."). Further, pursuant to Federal Rule of Civil Procedure 12(d), "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." In this case, matters outside the pleadings were presented in conjunction with this claim and the parties were given a reasonable opportunity to present all the material that is pertinent to the motion. See ECF No. 57. Accordingly, the court concludes that the Magistrate Judge properly construed Hall-Lester's motion. Based on the

foregoing, the court overrules Farabee's objections concerning defendant Hall-Lester, adopts the report and recommendation as to the claim against her, and will grant her motion for summary judgment.

**B.**

With regard to Farabee's objection that the Magistrate Judge incorrectly resolved the due process claims concerning forcibly medicating Farabee, the court will sustain Farabee's objection. In support of his objection, Farabee argues that there are genuine disputes about whether emergencies existed and whether defendants used professional judgment in forcibly administering the antipsychotic medication to him. Persons in state custody have a due process interest in not being forcibly given antipsychotic medication. See Johnson v. Silvers, 742 F.2d 823, 825 (4th Cir. 1984); Washington v. Harper, 494 U.S. 210, 221-22 (1990). To state a viable claim that he was unlawfully forcibly medicated, a plaintiff is generally required to show that the defendant acted without professional judgment. See Patten v. Nichols, 274 F.3d 829, 843-46 (4th Cir. 2001); Johnson v. Silvers, 742 F.2d 823, 825 (4th Cir. 1984). The parties do not dispute that when a treatment provider forcibly medicates a patient in response to an emergency—like when the patient may harm himself or others—the provider is not liable because he acted with professional judgment. See Farabee v. Yaratha, 801 F. App'x 97, 108 (4th Cir. 2020). However, they disagree as to whether emergencies existed in the instances in which Farabee was forcibly medicated. The defendants put forth evidence that in each instance where they forcibly medicated Farabee, his behavior preceding the forced medication was, or threatened to be, dangerous to himself or others. Farabee insists that there was no emergency in any of the instances where he was forcibly medicated and that in each instance, he posed no danger to himself or others. Farabee argues that

7

the defendants fabricated the statements and reports of emergencies. The burden is on Farabee to prove that the medication was forcibly given to him without the exercise of professional judgment. Based on the evidence in the record, the court agrees with the Magistrate Judge that Farabee has not met his burden. However, in response to defendants' motion for summary judgment (see ECF No. 73, p. 17), and in a motion to appoint counsel (see ECF No. 72, p. 2), Farabee states that each instance of him being forcibly medicated was videotaped by Marion staff and these videos would "prove" that there were no emergencies when he was forcibly medicated. Although it appears that Farabee never formally requested discovery of the video evidence, the existence of it is mentioned at least twice in the record. The court recognizes that Farabee is proceeding pro se and concludes that discovery of this video evidence could create genuine disputes of material facts. The court cannot find that the defendants are entitled to summary judgment without first allowing Farabee to engage in discovery. Accordingly, the court sustains Farabee's objection concerning his due process claim about forced medication and will deny defendants' motion for summary judgment as to this claim without prejudice to allow discovery.

## C.

With regard to Farabee's objection that the Magistrate Judge erred in determining that defendants were not deliberately indifferent to Farabee's allergies to antipsychotic medication because he did demonstrate that they had the requisite subjective knowledge of the alleged allergy, the court overrules in part and sustains in part his objection. To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Conner v. Donnelly, 42 F.3d 220, 222 (4th Cir. 1994); Staples v. Va. Dep't of

Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). A prison official is "deliberately indifferent" only if he or she "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1970). A claim for deliberate indifference to serious medical needs requires both an objective and a subjective showing. Objectively, the medical condition must be "sufficiently serious," meaning that it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. See Farmer, 511 U.S. at 832-35; Sosebee v. Murphy, 797 F.2d 179, 182-83 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291, 1296-97 (4th Cir. 1978); Rush v. Vandevander, No. 7:08cv00053, 2008 U.S. Dist. LEXIS 13592, at *5, 2008 WL 495651, at *1 (W.D. Va. Feb. 21, 2008). As for the second, subjective component, a defendant must be "deliberately indifferent," which occurs when he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); see also Iko, 535 F.3d at 241. In this case, the Magistrate Judge determined that although Farabee alleges that the defendants had "actual or constructive notice" that he had an allergy to the antipsychotic medications, Farabee provided no evidence to support his conclusion as to the defendants' subjective knowledge. Defendants argue that Farabee does not have an allergy and that they were not aware of the alleged allergy. Farabee argues that he does have an allergy to the medications and that defendants had actual or constructive notice of

9

the allergy.³ Having reviewed relevant portions of the record de novo, the court agrees with the Magistrate Judge's determination as it relates to defendants Dr. Cary, and nurses Roland and Powers. However, with regard to defendants Dr. J. Lee and nurse Olinger, the court disagrees. The medical records submitted by defendants indicate in a note dated June 28, 2018 and written by nurse Olinger, that Farabee self-reported adverse reactions to Haldol, an antipsychotic medication, to Olinger. In addition, in a Mental Health Discharge Summary dated June 29, 2018, Dr. J. Lee indicates that Farabee self-reported an allergic reaction to Haldol and other antipsychotic medications. There is no indication in the record that Farabee's reports of allergies were investigated and determined to be false. Viewing the facts and drawing all reasonable inferences therefrom in the light most favorable to Farabee, the court finds genuine disputes of material facts concerning whether Farabee actually has an allergy to antipsychotic medication, and thus, a serious medical need, and whether Dr. J. Lee and nurse Olinger knew of and disregarded the risk to Farabee's health and safety by forcibly giving him a medication to which he is allergic. Accordingly, the court will deny defendants' motion for summary judgment as to this claim against Dr. J. Lee and nurse Olinger.

**D.**

With regard to Farabee's objection that the Magistrate Judge erred in finding that Farabee did not allege sufficient facts or provide evidence to state a claim of cruel and unusual living conditions concerning his housing placements, the court overrules his objection. To prevail on a claim of a violation of the Eighth Amendment based on conditions of confinement, a prisoner "must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference

---

³ Farabee describes his allergic reactions to include pain, psychotic episodes, self-harming behavior, vomiting, trouble breathing, twitching, blurred vision, and dry mouth.

to prison conditions on the part of prison officials." In re Long Term Admin. Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 471 (4th Cir. 1999) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)) (internal quotation marks omitted). To amount to deliberate indifference, a public official must have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk. See Farmer v. Brennan, 511 U.S. 825, 837 (1970). "[D]eliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. Farabee alleges that he has a "well-documented history of suffering mental breakdowns and being seriously injured by suicide attempts after being held in segregation . . . for extended periods, without treatment, and being forcibly drugged with antipsychotics . . . ." Farabee claims that, despite knowing his history of serious mental illness, Drs. J. Lee and Madsen assigned Farabee to isolation housing units at Red Onion State Prison ("Red Onion"), Wallens Ridge State Prison ("Wallens Ridge") and Marion. Farabee states that every time he is sent to Red Onion or Wallens Ridge, he becomes suicidal and/or attempts suicide. Farabee has also attempted suicide at Marion. Farabee describes the conditions at Red Onion and Wallens Ridge as less restrictive than conditions at Marion. For example, Farabee states that inmates at Red Onion and Wallens Ridge are allowed to possess their personal property such as radios and legal materials, are allowed to order food from the commissary, and receive salt and pepper on their meal trays, but not in the IDTP unit at Marion. He also alleges that while he is housed in the IDTP unit at Marion, he attends recreation in an outdoor recreation "cage" and he is not allowed to have contact with general population inmates, attend activities with general population inmates, or leave his cell without full

security restraints. It is undisputed that Farabee's security classification is as a high-risk offender and that he suffers serious mental illness. It is also undisputed that he has a long history of self-harm, threatening to self-harm, and aggression toward others. There is no dispute that Farabee has 130 offender disciplinary actions. In light of these facts, it is obvious that Farabee does not qualify for just any housing assignment. Instead, his options are limited to facilities that are appropriate for high-risk inmates who also suffer serious mental illness. Throughout his incarceration, it appears that Farabee has spent a significant portion of his time housed at Marion, in the restricted housing unit and the IDTP unit. Having reviewed relevant portions of the record de novo, the court agrees with the Magistrate Judge's determination that some of the conditions which Farabee complains about, such as not being able to possess personal property, not being able to order from the commissary, and not receiving salt and pepper on his meal trays, do not rise to the level of a serious deprivation of a basic human need. The court also agrees with the Magistrate Judge's determination that the other conditions, such as security restraints and single cell housing assignments, are necessary to protect Farabee and others from his own behavior. Based on this, the court cannot conclude that the defendants subjected Farabee to cruel and unusual living conditions. Instead, they have repeatedly, yet apparently unsuccessfully, tried different housing arrangements for Farabee that accommodate his security and mental health needs. Accordingly, the court will overrule Farabee's objection and grant defendants' motions for summary judgment as to these claims.

E.

With regard to Farabee's objection to the Magistrate Judge's determination that DBT was "desirable treatment" and that his failure to receive it was nothing more than a disagreement

12

between a patient and treatment provider, the court overrules Farabee's objection. DBT is a group therapy that emphasizes behavioral skills training and teaching the patient skills to regulate intense emotional states and diminish self-destructive behaviors. To make effective use of DBT, patients need to demonstrate a reasonable degree of motivation for change and a reasonable degree of impulse control. Dr. J. Lee attests that Farabee did not meet these prerequisites while housed in the acute care unit at Marion. In support of his objection, Farabee argues that he provided evidence of his "need for DBT" in the form of a letter from Dr. Kevin McWilliams. However, Dr. McWilliams did not opine that DBT was medically necessary for Farabee or that the specific course of treatment provided by these defendants was inappropriate. Instead, Dr. McWilliams stated that DBT is the "treatment of choice" for borderline personality disorder, and "especially for [patients] who willfully desire and are motivated to pursue such treatment." An inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Jasper v. Mullins, No. 7:07cv00497, 2007 U.S. Dist. LEXIS 82959, at *7, 2007 WL 3339605, at *2 (W.D. Va. Nov. 8, 2007). To prove that medical care an inmate received violated his constitutional rights, the inmate must show that the defendants acted with "deliberate indifference to an inmate's serious medical needs." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). "[O]fficials evince deliberate indifference by acting intentionally to delay or deny the prisoner access to adequate medical care or by ignoring an inmate's known serious medical needs." Sharpe v. S.C. Dep't of Corr., 621 F. App'x 732, 733 (4th Cir. 2015). Deliberate indifference requires proof of intent beyond mere negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan. See Estelle v.

Gamble, 429 U.S. 97, 105-06 (1976). Farabee has not demonstrated that DBT is medically necessary for his treatment and, having reviewed relevant portions of the record de novo, the court agrees with the Magistrate Judge's determination that while Farabee may disagree with the treatment prescribed, he has not shown that the defendants were deliberately indifferent to his serious medical needs by failing to provide him with DBT. Accordingly, the court will overrule Farabee's objection and grant the defendants' motion for summary judgment as to this claim.

## F.

With regard to Farabee's objection that the Magistrate Judge failed to apply Vitek in considering Farabee's claim about his housing placement, the court overrules his objection. Although prisoners are entitled to due process when sanctions are being imposed that could affect the overall duration of detention, a prisoner does not have a right to due process before being transferred to a more restrictive housing placement unless the conditions "present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472, 478-79 (1995). Such a liberty interest exists if the conditions impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Farabee argues that prior to being assigned to the IDTP unit, he was entitled to, but did not receive, the due process outlined in Vitek v. Jones, 445 U.S. 480 (1980). In Vitek, the Court found that the Constitution gives rise to a liberty interest in avoiding involuntary psychiatric treatment. However, IDTP is not involuntary treatment in the form of mandatory behavior modification programs as discussed in Vitek. Participation in IDTP is voluntary. Thus, Vitek does not govern Farabee's case. Moreover, Farabee has not alleged conditions which impose

an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Accordingly, the court will overrule his objection.

## G.

With regard to the Farabee's objection that the Magistrate Judge erred in finding that Farabee did not show the defendants' direct involvement with his common fare diet claim, the court overrules the objection in part and sustains it in part. To establish liability under § 1983, a plaintiff must prove that the defendants "acted personally in the deprivation of the plaintiff's rights." Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Defendants Drs. W. Lee and Haynes submitted uncontroverted affidavits that that they are not involved in the decision of whether or not Farabee receives a common fare diet and that neither of them is the final or sole decision-maker as to Farabee's housing assignment. Having reviewed relevant portions of the record de novo, the court agrees with the Magistrate Judge's determination that Drs. W. Lee and Haynes are entitled to summary judgment as to this claim.[4] Accordingly, the court will overrule Farabee's objection as to these defendants. However, as to defendants Robinson and Williams, the court will sustain Farabee's objection. Defendants Robinson and Williams filed a motion to dismiss Farabee's claim.[5] Robinson is the Institutional Programs Manager at Marion and Williams is the Chief of Housing and Programs at Marion. Farabee alleges that he is Jewish and as part of his religious beliefs, he must obey the Jewish dietary laws which require him to eat kosher food, as is provided in the VDOC's common fare diet. Farabee states that the Robinson and Williams both

---

[4] Although the Magistrate Judge does not address Farabee's claim under RLUIPA, the court notes that Farabee's claims against Drs. W. Lee and Haynes fail under RLUIPA for the same reason they fail under the First Amendment. Accordingly, the court will grant these defendants summary judgment as to Farabee's RLUIPA claim.

[5] The Magistrate Judge converted their motion to dismiss to a motion for summary judgment, but no evidence outside of the pleadings was considered in adjudicating this claim. Accordingly, the court will treat the motion by Robinson and Williams as a motion to dismiss.

approved him to receive the common fare diet upon his transfer from Marion to another facility, because Marion does not provide the common fare diet to inmates. Farabee also alleges that he unable to purchase items from the commissary. Farabee argues that Robinson and Williams' failure to provide a common fare diet at Marion or transfer Farabee to a facility that provides the common fare diet violates his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the Farabee, as the court must do on a motion to dismiss, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), the court concludes that Farabee has stated a plausible claim for relief against defendants Robinson and Williams.[6] Accordingly, the court will sustain Farabee's objection as to these defendants and will deny the defendants' motion to dismiss as to this claim.

### H.

With regard to his objection that the Magistrate Judge failed to address his retaliation claim, the court overrules his objection. While it is true that the Magistrate Judge did not address a retaliation claim in her report, Farabee does not raise a cognizable retaliation claim in his amended complaint. In a declaration attached to the amended complaint, Farabee states that when he was transferred to Marion, he "experienced additional retaliation by Dr. Lee and [Marion's] Warden for having filed a civil rights action agains

---

[6] The court notes that the while the defendants' motion to dismiss does not argue that Farabee has not adequately stated a substantial burden on his religious exercise, this issue as well as whether there is a legitimate penological interest in denying the diet and whether the denial is the least restrictive means of furthering a compelling governmental interest may be raised in a motion for summary judgment.

t them." A First Amendment retaliation claim under § 1983 consists of three elements: (1) the plaintiff engaged in constitutionally protected First Amendment activity; (2) the defendant took an action that adversely affected that protected activity; and (3) there was a causal relationship between the plaintiff's protected activity and the defendant's conduct. Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017). Prisoners have a "First Amendment right to be free from retaliation for filing a grievance" under the prison's established grievance procedure. Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). "[F]or purposes of a First Amendment retaliation claim under § 1983, a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005). Farabee's allegations are insufficient to state a cognizable retaliation claim because he does not allege how the defendant retaliated against him or a causal relationship between him filing a civil action against the defendant and the defendant's unidentified retaliatory act. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (summarily dismissing retaliation claim as insufficient because it consisted of merely conclusory allegations and no facts to show retaliatory motivation). Accordingly, the court concludes that the Magistrate Judge did not err in failing to construe Farabee's allegation as a retaliation claim because it would have been futile. Although courts are required to liberally construe pro se pleadings, see Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), the complaint still must allege facts that state a cause of action and which raise a right to relief above the speculative level, see Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Labels and conclusions are insufficient to state a claim. Twombly, 550 U.S. at 555. Therefore, the court overrules

17

Farabee's objection.

## IV.

Based on the foregoing, the court sustains Farabee's objections about his claims that he was denied due process while being forcibly medicated, that defendants Dr. J. Lee and nurse Olinger were deliberately indifferent concerning his allergies to antipsychotic medications, and that defendants Robinson and Williams violated his religious rights concerning the common fare diet. The court overrules the remainder of Farabee's objections, adopts the report and recommendation as to those claims, and grants defendants' motions as to those claims.

**ENTER**: This  27th  day of May, 2020.

Michael F. Urbanski
Chief United States District Judge